UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LANZELLA WALKER ON BEHALF
OF LANZELL WALKER

VERSUS

SHERWOOD 2828 TENANT LLC D/B/A
SHERWOOD MANOR NURSING &
REHABILITATION CENTER

CIVIL ACTION

NO. 09-1036-BAJ-DLD

## RULING

This matter is before the Court on a motion by defendant to dismiss for failure to state a claim upon which relief can be granted (doc. 7). Defendant asserts that the complaint alleges an action under the Louisiana Medical Malpractice Act (LSA—R.S. §40:1299.41, et seq.), and, therefore, is premature because it was filed before a medical review panel has rendered a decision on the matter.[1] Plaintiff has opposed the motion and notes that the claim arises from an alleged incident in which a staff member accidently ran into Mr. Walker as he was drinking hot coffee, causing the coffee to spill and burn him (doc. 11). Plaintiff argues that the claim before the court is, therefore, grounded in negligence that is not covered by the Louisiana Medical Malpractice Act.

Plaintiff cites the six-factor test set forth by the Louisiana Supreme Court in Coleman v. Deno, 813 So.2d 303 (La.2002), for determining whether an act

---

[1] Defendant suggests that the action was filed as a protective lawsuit to prevent prescription from running (doc. 7-1. p. 2).

constitutes malpractice within the meaning of the Louisiana Medical Malpractice Act. Plaintiff also cites *Robinson v. Allen Parish Police Jury*, 918 So.2d 535, 539 (La.App. 3 Cir. 2005) (damages caused by mechanical problems with ambulance fall outside the scope of medical malpractice act); *Hidalgo v. Wilson Certified Express, Inc.*, 676 So.2d 114, 119 (La.App. 1 Cir. 1996) (accident caused by negligent driving falls outside of the scope of the act).

The Court agrees that the Louisiana Medical Malpractice Act does not control a claim in which the damages arise out of an accidental collision in a dining area which causes coffee to spill and cause injury, but the original complaint is somewhat ambiguous. The Court notes that the complaint is captioned "Complaint in Medical Malpractice," though it also alleges that the conduct alleged does not fall within the ambit of the Louisiana Medical Malpractice Act (doc. 1). Plaintiff has, however, filed a supplemental and amending complaint (doc. 16) which the Court finds states a claim outside the parameters of the Louisiana Medical Malpractice Act.

## CONCLUSION

Accordingly, the motion by defendant to dismiss pursuant to Rule 12(b)(6) (doc. 7) is hereby **DENIED**.

Baton Rouge, Louisiana, September 13, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA